Hillsborough, }
  Dec. 3, 1907. }

## DUSSEAULT & *a. v.* ASSOCIATION CANADO-AMERICAINE.

Evidence that the members of a society were admitted to a fraternal order, upon the express agreement that those above a certain age should be insured for a less sum than the death benefit provided by the constitution, warrants a finding of estoppel against a beneficiary who claims the larger sum upon the death of a member in the excepted class.

ASSUMPSIT, to recover $1,000 alleged to be due upon a benefit certificate issued by the defendants to Alfred Dusseault. Transferred from the May term, 1907, of the superior court by *Peaslee*, J., upon an agreed statement of facts.

The defendant corporation is a mutual benefit and fraternal order. Under the constitution in force in 1899, its membership was limited to French-Canadian Catholics between eighteen and fifty years of age at the date of initiation. One of its objects was to establish a benefit fund, from which might be paid to the duly authorized appointee a sum not exceeding $1,000 upon the death of a member. The fund was to be created by each member paying one dollar on his admission to the association, and renewing the same upon the death of each of his fellows. The payment at each death was fixed at one dollar until the number of persons insured exceeded 1,000, when the payment by each member was to be proportional to the surplus. There were four classes of members. After the membership reached 1,000, there was no provision under the constitution of 1899 for the payment of a smaller death benefit than $1,000. At the date of the death of Alfred Dusseault the membership was over 9,000.

The executive powers of the association were vested in a High Court, composed of ten members, which had the right to admit to the association "societies already existing," and to fix the "price of admission" in such cases. On November 16, 1899, Dusseault was a member of a local society in Franklin, composed of seventy-eight members. Prior to that date one Francour, an organizer duly appointed by the High Court, had proposed that the Franklin society join the defendant association as a subordinate court. At a meeting of the Franklin society, held September 20, 1899, the organizer stated that all members of the society over fifty-five years old would be required to pay the regular death assessments and would be entitled to a death benefit of only $500. The society voted to join the association, was admitted as a subordinate lodge on November 16, 1899, and its members became members of

the association, their names being entered upon the books of the High Court at Manchester.

Although Dusseault's name was entered in "Class A, $1,000," the certificate issued to him on December 29, 1899, called for the payment of $500 to the beneficiary, Adele Dusseault, in the event of his death. Dusseault regularly paid the death assessments and contributions for sick benefits required of members of Class A. The defendants have refused to pay $1,000 to the beneficiary, although duly notified of Dusseault's death, but tendered her $500 and have always been ready to pay that sum. Judgment was ordered for the plaintiffs for $500, and they excepted.

*Branch & Branch*, for the plaintiffs.

*Aime E. Boisvert*, for the defendants.

BINGHAM, J.   The plaintiffs' contention is that the High Court had authority to admit members of an existing society to membership in the defendant association as a body and without regard to whether any or all of them were over fifty years of age, but that it was without authority to admit them separately; that when the Franklin society became a subordinate court of the association, all of its members, irrespective of their ages, upon the payment of one dollar became entitled under the constitution of 1899 to a certificate of insurance for $1,000; and that after they had become members, the High Court had no authority to limit the amount for which those over fifty-five years of age could be insured, by issuing to them a certificate for $500; in other words, that their membership fixed their rights under the constitution, which could not be limited or abridged by any subsequent action of the High Court.

But the trouble with this contention is that it omits from its consideration certain essential facts which seem to be determinative of the plaintiffs' right. The decree of the court to which the plaintiffs excepted, and in which it was ordered that they should recover the sum of $500, includes a finding that the society of which Dusseault was a member became a subordinate court, and its members members of the defendant association, upon the express agreement and understanding that Dusseault and such others as were over fifty-five years of age could not be insured for more than $500, and that the society having become a subordinate court and Dusseault having been admitted to membership upon this understanding, the plaintiffs, who claim through him, are estopped to claim any further sum. This finding is not inconsistent with the facts specially found, and would sustain the

decree; and such being the case, the only question raised by the plaintiffs' exception is whether there was any evidence upon which the finding could be based. That there was such evidence is not difficult to perceive.

It appears that at a meeting of the Franklin society, held September 20, 1899, the High Court through its duly appointed officer submitted a proposition in behalf of the association, upon which the society could become a subordinate court and its members members of the association, one of the terms of which was "that all members of the society over fifty-five years old would be required to pay the regular death assessments and would be entitled to a death benefit of only $500"; that the society voted to accept the proposition and was admitted to the association; and that shortly afterward a certificate of insurance was issued to Dusseault, calling for the payment of $500 upon his death to the plaintiff, his wife. It is also clear upon the evidence that the High Court could have declined to admit the society to membership in the association had it not agreed to the proposition submitted to it, and that the association changed its position by admitting it to membership. The case presents no error of law.

*Exception overruled.*

All concurred.